ANN WALSH BRADLEY, J.
¶ 70. (concurring). I agree with the majority that interpretation of the insurance polices at issue presents a question of law. Majority op., ¶ 5. I also agree that Fontana Builders, Inc. (Fontana) had a reasonable expectation that the builder's risk policy would persist while construction continued.
¶ 71. Further, I share the majority's concern over potential purchasers being able to unilaterally termi *534 nate a builder's risk policy and agree that Fontana's builder's risk policy covered a different interest in the property than the Accolas' homeowner's policy from Chubb Insurance Co. (Chubb). Id., ¶| 49, 66.
¶ 72. We part ways, however, when it comes to the interpretation of the clause at issue. The clause provides that Fontana's coverage will end "[w]hen permanent property insurance applies." Like the concurrence/dissent, I conclude that in this clause the meaning of "applies" is not ambiguous and does not depend upon a contextual analysis of the policy's other termination provisions. Concurrence/dissent, f 89. As the concurrence/dissent determines, I likewise determine that the word "applies" refers to the application of "permanent property insurance" to the property covered by the policy. Id., ¶ 90.
f 73. This conclusion begs the question of what property is covered by the Accolas' homeowner's policy. A resolution of this question requires an examination of the Accolas' insurable interests.
¶ 74. Under Wisconsin law, an individual must have an insurable interest in the property insured. Stebane Nash Co. v. Campbellsport Mut. Ins. Co., 21 Wis. 2d 112, 118-19, 133 N.W.2d 737 (1965). Absent an insurable interest, an insurance contract is void as against public policy. Id.; 3 Steven Plitt, et al., Couch on Insurance § 41:1, at 41-7 (3d ed. 2011). Where there is no interest in the property, an insurance policy is merely a wagering agreement, "permitting] one man to profit by the losses of another." Tischendorf v. Lynn Mut. Fire Ins. Co., 190 Wis. 33, 39, 208 N.W. 917 (1926).
¶ 75. One need not have legal title to a property in order to have an insurable interest. Ben-Hur Mfg. Co. v. Firemen's Ins. Co. of N.J., 18 Wis. 2d 259, 262, *535 118 N.W.2d 159 (1962). The owner of an equitable title has an insurable interest. "For example, an insurable interest may exist in a person who has purchased but not yet received title to the property." 3 Steven Plitt, et al., Couch on Insurance § 41:13, at 41-41-42.
¶ 76. Further, although "[ojccupancy alone is insufficient to establish an insurable interest in property," a tenant's expenditures for improvements could create an insurable interest in the building. 33-195 Appleman on Insurance Law and Practice § 195.01 (2016). Limited or qualified interests in property, whether legal or equitable, are sufficient to establish an insurable interest. Id.
f 77. However, where an insured has an insurable, but qualified or limited interest in the property, "he may not recover the full value [of the property] or an amount exceeding his actual interest in the res . . . the general rule is that the insured is limited in recovery to the value of his actual interest in the property insured." Stebane Nash, 27 Wis. 2d at 120 (quoting 3 Richards, Insurance § 503 at 1613 (5th ed.)); see also 33-195 Appleman on Insurance § 195.01.
f 78. Unsurprisingly, this rule is echoed in the Accolas' homeowner policy from Chubb. It provides:
We will not pay for any loss to property in which you or a family member does not have an insurable interest at the time of the loss.
If more than one person has an insurable interest in covered property, we will not pay for an amount greater than your interest, up to the amount of coverage that applies.
In other words, the policy will not pay for a loss if there is no insurable interest in the covered property.
*536 ¶ 79. Here, the record indicates that the Accolas[1] interests in the property were consistent with those of an occupier. It is undisputed that the house was still being built, it had not been turned over unconditionally, and the Accolas did not have legal title to the property. The court of appeals observed that the Acco-las even maintained renters insurance. Fontana Builders, Inc. v. Assurance Co. of America, No. 2010AP2074, unpublished slip op., ¶ 11 n.3 (Wis. Ct. App. Dec. 7, 2011). At the time of the fire, their relationship to the property was that of occupiers. Accordingly, the Accolas' insurable interests included their interest in the personal property they kept in the home and their interest in living expenses.
¶ 80. Although the majority suggests that the Accolas[1] had an interest in the property as "future purchasers," I am not convinced. Majority op., ¶ 63. It is not asserted that the Accolas made substantial expenditures or improvements in reliance on purchasing the property. Further, the majority correctly rejected the argument that the Accolas had other insurable interests in the property by virtue of their shareholder relationship with Fontana and the Acco-las' interests as guarantors of Fontana's loans. Nothing suggests that the Accolas had an interest in the property aside from their occupancy of it.
¶ 81. The interests of a tenant are not the same as the interests of a landowner. See Society Ins. v. Capitol Indem. Corp., 2003 WI App 61, ¶¶ 19, 23, 260 Wis. 2d 549, 659 N.W.2d 875. In this case, for example, the Accolas' did not have an interest in the building such that they would be responsible for its repair. The building had not been completed by Fontana, it had not been purchased by Accola, and title had not been transferred. Thus, the circuit court correctly con- *537 eluded, "[the homeowner's policy and the builder's risk policy] did not cover the same loss because until the keys are turned over, as [Accola] has said, it is not their home."
¶ 82. In sum, the Chubb policy could not cover the damage to the house's structure because the Acco-las' lacked the requisite interest in it. If the Chubb policy could not cover damage to the house's structure, it could not constitute "permanent property insurance [that] applies" to the covered property. Thus, the provision in the builder's risk policy terminating its coverage when "permanent property insurance applies," did not take effect and the builder's risk insurance was in effect when the fire damaged the house.
¶ 83. For the reasons set forth above, I concur.
¶ 84. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence.